UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80725-CIV-MARRA/JOHNSON

TR REDDY, a Georgia resident,

                    Plaintiff,

vs.

ATUL BISARIA and MIHU A. BISARIA,
both Florida residents,

                    Defendants.

_____/

## OPINION AND ORDER

THIS CAUSE is before the Court upon Defendants' Motion to Dismiss Complaint.  (DE

6).  The motion is fully briefed and ripe for review.  The Court has carefully considered the

briefing and is otherwise fully advised in the premises.

**I.      Background**

This is an action for money owed under four promissory notes.  The facts are taken from

Plaintiff's Complaint and are assumed true for the purposes of Defendants' motion to dismiss.

On September 3, 2008, Plaintiff and Defendants entered into a promissory note (the "First

Note") wherein Defendants agreed to pay Plaintiff the original principal sum of $1,000,000.00.[1]

Compl. ¶ 6.  Under the terms of the First Note, Defendants were to make monthly interest and

principal payments to Plaintiff, beginning October 3, 2008.  Compl. ¶ 10.  Defendants paid

$70,750.00 towards the First Note before defaulting on their monthly payments.  Compl. ¶ 12.

_____

[1] Neither the Complaint, including the four promissory notes attached thereto, nor the
motion-to-dismiss briefing provides the factual context for these four transactions.

1

Upon the default, Plaintiff invoked the First Note's acceleration clause and demanded immediate payment of the First Note's entire unpaid debt.  Compl. ¶¶ 13-14.  Defendants have failed to make any further payments on the First Note.  Compl. ¶¶ 13, 16.

On October 15, 2008, Plaintiff and Defendants executed a second promissory note (the "Second Note"), for the original principal sum of $150,000.00.  Compl. ¶ 17.  The Second Note required Defendants to make monthly payments beginning on November 15, 2008.  Compl. ¶ 18.  Defendants paid $3,000.00 towards the Second Note before defaulting on their monthly payments.  Compl. ¶ 19.  Upon the default, Plaintiff accelerated the Second Note and demanded immediate payment of the entire unpaid debt.  Compl. ¶ 20.  Defendants have not made any further payments on the Second Note.  Compl. ¶¶ 20, 23.

On January 22, 2009, Plaintiff and Defendants executed a third promissory note (the "Third Note"), for the original principal sum of $100,000.00.  Compl. ¶ 24.  The Third Note required Defendants to make monthly payments beginning on February 15, 2009.  Compl. ¶ 25.  Defendants paid $50,000.00 towards the Third Note before defaulting on their monthly payments.  Compl. ¶ 26.  Upon the default, Plaintiff accelerated the Third Note and demanded immediate payment of the entire unpaid debt.  Compl. ¶ 27.  Defendants have failed to make any further payments on the Third Note.  Compl. ¶¶ 26, 29.

On November 23, 2009, Defendant Atul Bisaria executed a promissory note (the "Fourth Note") with Sri D. Venkat Reddy, a non-party to this action.[2]  Compl. Ex. E.  The Fourth Note

---

[2] Although the Complaint alleges that Defendant Atul Bisaria owes payments to Plaintiff under the Fourth Note, Compl. ¶ 34, the Fourth Note, attached as Exhibit E to the Complaint, clearly lists Sri D. Venkat Reddy as the sole payee.  Plaintiff's response memorandum concedes this error.  Pl.'s Resp. at 2, ¶ 6.

required Atul Bisaria to pay "fifty four lacs and forty thousand rupees[,] with interest at the rate of 2% percent [sic] per month" by December 31, 2011.  Compl. Ex. E.  Plaintiff alleges that Atul Bisaria has defaulted on his monthly payments under the Fourth Note.  Compl. ¶ 32.  Upon the default, Plaintiff accelerated the Fourth Note and demanded immediate payment of the entire unpaid debt.  Compl. ¶ 33.  Atul Bisaria has thus far failed to make any payments on the Fourth Note.  Compl. ¶ 33.

On June 17, 2010, Plaintiff filed this Complaint, alleging that Defendants have breached all four promissory notes.  Plaintiff asserts four counts, one for breach of each promissory note.  Defendants now move to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to give the defendant fair notice of what the plaintiff's claim is . . . and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."  *Id.* (citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.

Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Id.*  Thus, "only a complaint that states a

plausible claim for relief survives a motion to dismiss."  *Id.* at 1950.  When considering a motion

to dismiss for failure to state a claim, the court must "accept[] the allegations in the complaint as

true and constru[e] them in the light most favorable to the plaintiff."  *Am. Dental Ass'n v. Cigna*

*Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010) (internal quotation marks omitted).

## III.    Discussion

### *A.    Counts I, II, and III*

Defendants argue that Counts I, II, and III must be dismissed because Plaintiff has failed

to meet a condition precedent to enforcement of the First, Second, and Third Promissory Notes.

Specifically, Defendants argue that Florida Statute § 201.08 requires that every lender seeking to

enforce a promissory note executed in Florida pay the applicable documentary taxes before the

instrument is enforceable in court.  Def.'s Mot. at 2.  Thus, Defendants argue that the claims for

breach of the promissory notes are deficient because the Complaint does not allege that Plaintiff

paid the documentary taxes and because Plaintiff has failed to affix to the promissory notes,

which are attached to the Complaint, the requisite documentary stamps showing that taxes have

been paid on the notes.  Def.'s Mot. at 2.

Plaintiff responds that payment of documentary taxes is not a condition precedent to

enforcement of a promissory note under § 201.08.  Pl.'s Resp. at 2.  Plaintiff further argues that,

in any event, the Complaint alleges that "'[a]ll conditions precedent to this action . . . have been

performed or have been waived,'" which Plaintiff contends is sufficient to allege compliance with § 201.08.  Pl.'s Resp. at 3-4 (quoting Compl. ¶ 36).

The Florida courts of appeal are split on whether Florida Statute § 201.08 prohibits enforcement of a promissory note for nonpayment of the documentary stamp taxes.  *Compare Glenn Wright Homes (Delray) LLC v. Lowy*, 18 So. 3d 693, 696 (Fla. 4th DCA 2009) ("Section 201.08(1) does not prohibit enforcement of an unsecured promissory note in a court of this state for nonpayment of the documentary stamp tax."), *with WRJ Dev., Inc. v. N. Ring Ltd.*, 979 So. 2d 1046, 1047 (Fla. 3d DCA 2008) (holding that under Section 201.08(1) "[t]he case law is well established that, in an action to enforce a promissory note, the documentary taxes must be paid in order for the note to be enforceable in court."), *and Somma v. Metra Elecs. Corp.*, 727 So. 2d 302, 304 (Fla. 5th DCA 1999) ("Section 201.08(1) . . . clearly states that in an action to enforce a promissory note the plaintiff must establish, as a condition precedent to pursuing the action, that the taxes due on the note have been paid.").  The Supreme Court of Florida has not yet ruled on this issue.

The Court need not address this unresolved legal issue at the pleading stage.  Assuming payment of documentary stamp taxes is a condition precedent, this falls under Plaintiff's evidentiary burden, not Plaintiff's pleading burden.  *Atl. Tech Sys., LLC v. Advanced Lifts & Elevators, Inc.*, No. 08-81376, 2009 WL 1211003, at *2 (S.D. Fla. May 4, 2009).  Here, Plaintiff pled that "[a]ll conditions precedent to this action . . . have been performed or have been waived."  Compl. ¶ 36.  In pleading conditions precedent, the Federal Rules of Civil Procedure require only that conditions precedent be alleged "generally."  Fed. R. Civ. P. 9(c); *see also Ruthledge v. NCL (Bahamas) Ltd.*, 356 Fed. App'x 357, 358 (11th Cir. Dec. 15, 2009) ("[I]n the

Federal Rule of Civil Procedure 12 posture of the case, the district court [i]s obligated to accept as true the Plaintiff's allegation that '[a]ll conditions precedent to the bringing of this action . . . have been performed, excused or waived.'"); *Jackson v. Seaboard Cost Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982) (holding that the plaintiff need only "generally allege in her complaint that all conditions precedent to the institution of the lawsuit have been fulfilled.") (internal quotation marks omitted).[3]  The Court thus concludes that Plaintiff's general allegation that all conditions precedent have been met satisfies his pleading burden with respect to the payment of documentary taxes.

Defendants also argue that the promissory notes attached to the Complaint do not contain evidence showing that Plaintiff paid the necessary documentary taxes.  Defs.' Mot. at 2-3.  As such, Defendants claim that where exhibits attached to the complaint contradict the allegations, the exhibits control.  Defs.' Mot. at 4 (citing *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir. 2007)).  However, the exhibits here do not contradict the allegation that all conditions precedent have been met.  While the promissory notes do not provide evidence supporting the payment of the documentary taxes, neither do they show that the taxes have not been paid.  In any event, the Court finds that the payment of the documentary taxes is a factual question best not decided on a motion to dismiss under Rule 12(b)(6).

---

[3] In deciding procedural matters, such as pleading requirements, the Court looks to federal law.  *See Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415 (1996).

**B.      Count IV**

Defendants argue that Count IV—breach of the Fourth Note—must be dismissed because the Fourth Note, attached to the Complaint as Exhibit E, clearly shows that Sri D. Venkat Reddy, a non-party to this lawsuit, is the sole payee.  Defs.' Mot. at 3.  Defendants explain that Plaintiff TR Reddy is not listed on the Fourth Note at all.  Defs.' Mot. at 3-4.  As such, Defendants contend that Plaintiff was not part of the Fourth Note transaction and lacks standing to enforce the note.  Defs.' Mot. at 4.  Plaintiff's response memorandum concedes that Count IV must be dismissed.  Pl.'s Resp. at 2.  The Court agrees with the parties that Count IV fails to state a claim because Plaintiff is not a party to the Fourth Note, *see* Compl. Ex. E, and therefore cannot enforce it here.

**IV.      Conclusion**

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Complaint (DE 6) is **GRANTED IN PART AND DENIED IN PART**. Specifically, Defendants' motion is **DENIED** with respect to Counts I, II, and III.  Defendants may, however, raise the nonpayment of the documentary taxes as a defense at an appropriate stage in the proceedings.  Defendants' motion is **GRANTED** with respect to Count IV.

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida, this 10th day of December, 2010.

KENNETH A. MARRA
United States District Judge

Copies to:
Counsel of Record

7